# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3607 | **DATE** | 12/17/2003 |
| **CASE TITLE** | HSBC Bank vs. Harvey Goldstein | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby denies the plaintiff's motion for judgment on the pleadings [36-1]. The Court further grants in part and denies in part the plaintiff's the motion for summary judgment [36-2] without prejudice. Defendants Goldstein and Hussey's motion to continue the status hearing is denied. Defendants Goldstein and Hussey's motion to the release of any funds involved in any settlement between plaintiff and defendant Joseph Apea is denied. Defendants' motion to vacate [23-1] is granted. Defendant Apea's motion to vacate [20-1] is granted. Defendant's Apea's motion for additional time to respond [20-3] is denied as moot. Defendant Goldstein and Hussey's motion opposing summary judgment [49-1] is stricken as moot, the Court however accepted and considered their opposing motion [49-1] as their answer. Plaintiff's motion for default [24-1] is stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | DEC 18 2003 date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | 03 DEC 17 AM 12:25 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | | FILED-03-3714 | date mailed notice |
| MW courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HSBC BANK, plc, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 C 3607 |
| | ) |
| HARVEY GOLDSTEIN, MARTHA | ) |
| HUSSEY, JOSEPH APEA, and LaSALLE | ) |
| BANK NATIONAL ASSOCIATION, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff HSBC Bank's ("HSBC") motion for judgment on the pleadings or in the alternative, for summary judgment against Defendants Harvey Goldstein and Martha Hussey. This matter is also before the court on Defendant Harvey Goldstein's and Martha Hussey's motion for a continuance. For the reasons stated below we deny the motion for judgment on the pleadings. We grant in part and deny in part without prejudice the motion for summary judgment.

BACKGROUND

On or about January 21, 2003, a payment instruction ("Instruction") was presented to HSBC in London directing a transfer of $850,000 from an HSBC account held by Nigerian National Petroleum Company to an account held by Chung Yuk Yi Esther ("Esther") with the

1



Bank of China (Hong Kong) limited. HSBC employees deemed the signatures on the Instruction to be valid. On January 22, 2003, HSBC wired the $850,000 to Esther's account in Hong Kong. The funds were then wired to Esther's husband's bank account in Hong Kong. On or about February 28, 2003, Esther's husband wired $685,000, less fees ($684,982), to the LaSalle Bank account in the U.S. belonging to Defendants Harvey Goldstein ("Goldstein") and Martha Hussey ("Hussey"). Prior to the transfer the account held $212.13. Goldstein and Hussey subsequently made several wire transfers and transferred over $430,000 from their account. At least $132,982 of the funds were transferred to Defendant Joseph Apea ("Apea").

HSBC realized on or about March 21, 2003, that the signatures on the January 21, 2003, instruction were forgeries. On or about March 26, 2003, a Hong Kong court issued an injunction freezing Esther's assets. The court also ordered the Hong Kong bank to disclose information concerning Esther's account. HSBC discovered the transfer of funds to Goldstein's and Hussey's account and on March 28, 2003, HSBC wrote to Goldstein and informed him that the funds he received were the proceeds of a fraud. On or about April 11, 2003, after receiving word from HSBC that the funds were the proceeds of a fraud, LaSalle bank placed a hold on the account of Goldstein and Hussey. LaSalle bank eventually closed the account in which approximately $251,456 of the $684,982 remained.

Goldstein and Hussey admit that the $684,982 was transferred to their account on February 28, 2003. However, they contend that they had no knowledge of the fact that the funds were misappropriated funds. They claim that the wire transactions were made to their account for Apea who had been their client for the past twenty-five years. Goldstein claims that Apea assured him that the funds were not of criminal origin. Hussey claims that she had no knowledge

2

of the February 28, 2003, transaction until LaSalle Bank froze the account. Goldstein and Hussey also question whether there is sufficient evidence to show that the funds were in fact stolen.

## LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss, *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991), and thus the court should view all facts in a light most favorable to the non-moving party, and should grant the motion if it is beyond doubt that the non-movant can plead no facts that would support a disposition in his favor. *Id.*; *Housing Auth. Risk Retention Group, Inc. v. Chicago Hous. Auth.*, 2003 WL 22282385, at *1 (N.D. Ill. 2003)(stating that if plaintiff files a 12(c) motion the plaintiff must show that it is beyond doubt that the defendant cannot plead facts to support a disposition in his favor). For the purposes of a Rule 12(c) motion the court cannot look beyond the pleadings and "all uncontested allegations to which the parties had an opportunity to respond are taken as true." *Wood*, 925 F.2d at 1582. The pleadings include the complaint, answer, and attached exhibits. *Northern Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d 449, 452 (7th Cir. 1998). The court can also consider supporting briefs, *Thompson*, 300 F.3d at 753, and "documents incorporated by reference to the pleadings." *Wood*, 925 F.2d at 1582. *Pro se* pleadings are to be construed liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)

However, if the Rule 12(c) movant is seeking a disposition of the case based on the underlying substantive merits, the appropriate standard is the summary judgment standard.

*Alexander v. City of Chicago*, 994 F.2d 333, (7th Cir. 1993). Also, if additional evidence beyond the pleadings is introduced or relied upon by the court, the motion must be converted into a Rule 56(c) motion for summary judgment. *Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor

the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

As an initial matter, on October 23, 2003, we struck Goldstein and Hussey's response to HSBC's statement of material facts. Although, the response was not filed in a timely fashion, since Goldstein and Hussey are proceeding *pro se* we shall reconsider our prior ruling and will allow the filing of the response to HSBC's statement of material facts. In ruling on the instant motion we have fully considered Goldstein and Hussey's response to HSBC's statement of material facts and the answer to HSBC's motions that is entitled "Pro se Defendants Goldstein and Hussey (sic) Opposing Motion to Summary Judgment."

I. Motion for Judgment on the Pleadings

The parties agree regarding most of the material facts in this case. Goldstein and Hussey admit that the $684,982 was transferred to their account on February 28, 2003. They do not deny that Goldstein made the subsequent wire transfers from their account. HSBC is seeking recovery based on the doctrine of unjust enrichment. To succeed on an unjust enrichment claim a plaintiff must establish that: 1) the defendant retained a benefit, 2) the retention of the benefit was to the detriment of the plaintiff, and 3) "fundamental principles of justice, equity, and good conscience" dictate that the defendant release the benefit to the plaintiff. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). Goldstein and Hussey contend that there is not sufficient evidence to prove that the funds deposited in their account

5

were stolen. On the question of whether HSBC suffered a detriment, since Goldstein and Hussey have contested this issue, based solely upon the pleadings it would be improper to grant HSBC's motion for judgment on the pleadings. Therefore, we deny the motion. To the extent that HSBC is seeking in its Rule 12(c) motion a disposition based on the underlying merits in this case, HSBC filed a motion for summary judgment in the alternative. We will not address that aspect of the 12(c) motion because we will address the summary judgment motion below.

II. Motion for Summary Judgment

Pursuant to Local Rule 56.1, when a party files a motion for summary judgment each party must prepare a statement of material facts and each party is required to respond to the opposing party's statement of material facts and either admit or deny each fact. A denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence. *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000). Any facts that are included in a party's statement of facts that are not properly denied by the opposing party are deemed to be admitted. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1.

Pursuant to Local Rule 56.1 HSBC's allegations that the funds were misappropriated and that the signatures on the Instruction were forgeries were not properly denied and therefore are deemed to be admitted by Goldstein and Hussey. (SF 45, 46, 47, 50, 55, 60). Therefore, for the purposes of summary judgment, all parties agree that the $684, 982 was transferred into the account of Goldstein and Hussey and that the funds were the proceeds of a fraud. The parties also agree that Goldstein made the subsequent wire transfers out of the account until LaSalle

6

Bank froze the account. LaSalle Bank is holding the remaining $251,456 from the account. Goldstein and Hussey own the account and thus they have retained the funds to the detriment of HSBC. The funds are the products of a fraud and they did nothing to earn the $251,456. Therefore, fundamental principles of justice, equity, and good conscience dictate that funds be returned to HSBC. HSBC asks this court to impose a constructive trust on the funds. The imposition of a constructive trust on a sum of money is a common remedy utilized to rectify unjust enrichment. *May Dept. Stores Co. v. Federal ins. Co.*, 305 F.3d 597, 603 (7th Cir. 2002). The grounds for imposing a constructive trust "must be so clear, convincing, strong, and unequivocal as to lead to but one conclusion." *Davis v. Combes*, 294 F.3d 931, 936 (7th Cir. 2002). In regards to the remaining $251,456 being held by LaSalle Bank, we find that a constructive trust is appropriate and grant HSBC's request for a constructive trust over those funds.

HSBC seeks to recover the full $684,982 from Goldstein and Hussey. However, HSBC's claims are solely based on the doctrine of unjust enrichment. HSBC has not brought a conspiracy to commit fraud claim against Goldstein and Hussey. Goldstein admits that he transferred money out of the account after the $684,982 deposit. However, Goldstein contends that he made the transfers in accordance with the instructions of his client Apea. Goldstein claims that Apea was acting upon instructions from someone named C. Y. Umshega. HSBC has not offered any evidence that would show that Goldstein and Hussey participated in the alleged fraud. Nor, at this point, has HSBC even alleged that Goldstein and Hussey participated in the fraud. Goldstein claims that he wired the money to Apea's associates and thus there is a genuine issue as to how much, if any, of the funds wired out of the account enriched Goldstein and

7

Hussey.

If Goldstein merely acted at the bequest of Apea and neither Goldstein nor Hussey ever directly or indirectly received those funds, then, they were not enriched and it would not be appropriate under the doctrine of unjust enrichment to order them to compensate HSBC for its full loss. Also, even if we accept HSBC's argument that Goldstein and Hussey were enriched when the funds were deposited in their account, if Goldstein wired the funds to Apea's associates and Goldstein and Hussey no longer have control over the money, there is a question of whether they retained the benefits which is part of the *prima facie* case for an unjust enrichment claim. The doctrine of unjust enrichment, being an equitable remedy, is based upon basic notions of fairness and the court would be disregarding such notions if it were to rule against Goldstein and Hussey as a matter of law simply because their names are on the LaSalle Bank account.

The court is not finding that Goldstein and Hussy were not enriched by the funds transferred out of Goldstein and Hussey's account. We merely find that there is a genuine issue of fact regarding this issue. Thus, in regards to the funds wired out of Goldstein and Hussey's account, HSBC's motion for summary judgment is premature. There is little evidence one way or another as to whether Goldstein and Hussey were personally enriched by the wire transfers out of their account. After the parties have had an opportunity to conduct discovery, the parties are given leave to move for summary judgment. Therefore, in regards to the funds transferred out of the account by Goldstein and Hussey, we deny the motion for summary judgment without prejudice.

III. Motion for Continuance

On December 11, 2003, Goldstein and Hussey filed an untitled motion asking for a continuance until January 7, 2003, when they claim that they will appear with counsel. Goldstein and Hussey claim that Donald R. Thompson has agreed to represent them. However, no appearance has been filed by Mr. Thompson. This court has given Goldstein and Hussey ample opportunity to obtain counsel and they have utilized those opportunities to delay the progress of this case. HSBC filed the complaint against Defendants on May 28, 2003. Defendants were served in early June of 2003. On September 2, 2003, this court granted Joseph Harris' motion to withdraw as counsel for Goldstein and Hussey. On that same date Goldstein and Hussey filed a motion claiming that they had obtained new counsel and asking that he be given until September 12, 2003, to file his appearance. We gave Goldstein and Hussey's attorney until September 9, 2003, to file an appearance. We indicated at that time that the case would move forward at that point whether or not Goldstein and Hussey had an attorney. No attorney filed an appearance on behalf of Goldstein and Hussey. Instead they eventually filed *pro se* appearances. Their answer to HSBC's motion for summary judgment and their response to HSBC's 56.1 statement of material facts were filed over a week past the due date. This court gave due consideration to their *pro se* status and accepted the documents despite their untimely filing. Now, over two months after the initial extension given to Goldstein and Hussey to obtain counsel, when HSBC's dispositive motions are fully briefed, Goldstein and Hussey ask the court to continue the case for another month. Apparently, in January Goldstein and Hussey envision appearing before this court with an attorney and starting this case all over from scratch. We will not allow Goldstein and Hussey to delay these proceedings any longer. Although our decision in regards to this

motion for a continuance would not be altered if Mr. Thompson filed an appearance tomorrow, we note that Goldstein and Hussey have made promises to the court on prior occasions that they were on the verge of securing counsel, and those promises proved to be untrue. Therefore, we deny their motion for a continuance.

We also note that Defendant Hussey has failed to appear in court for several status hearings on this case. Defendant Goldstein, like Defendant Hussey, is proceeding *pro se* and thus Goldstein cannot represent Hussey at a hearing before this court. Therefore, we order that Hussey, or a licensed attorney appearing on her behalf, be present at all future hearings for this case before this court. If there is no appearance by Hussey, or an attorney on her behalf, the court will take appropriate action.

## CONCLUSION

Based on the foregoing analysis we deny HSBC's motion for judgment on the pleadings. We grant HSBC's motion for summary judgment in part and deny the motion in part without prejudice. We grant HSBC's request for a constructive trust over the $251,456 that remained in Goldstein's and Hussey's account at LaSalle Bank which was frozen on or about April 11, 2003, and declare that HSBC is the proper recipient of those funds. We deny Goldstein's and Hussey's motion for a continuance.

We also note as an administrative matter that Defendants Harvey Goldstein, Martha Hussey, and Joseph Apea's motion to vacate any and all defaults against them and to extend time to answer or otherwise plead filed on July, 9, 2003, technically remains pending. We grant the motion to vacate the defaults and deny the motion to extend as moot. Also, Defendant Joseph

Apea's motion to vacate defaults and for additional time to respond to discovery filed on July 17, 2003, is technically still pending. We grant the motion to vacate. We also deny the motion for additional time as moot.

On December 16, 2003, Defendant Hussey also filed a motion to dismiss herself from the case. The motion was not properly noticed up before the court and the motion is an improper motion. Hussey has already filed a response to the motion for summary judgment and motion to judgment on the pleadings and thus we will not interpret the motion to be an answer. Also, regardless, any deadline for an answer to those motions has long since passed. Therefore, we deny Hussey's motion to dismiss herself filed on December 16, 2003.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 17, 2003